Charles KABBABY, Plaintiff-Appellee,

v.

W. L. RICHARDSON, District Representative, Internal Revenue Service, et al., Defendants-Appellants.

No. 75–1145
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1975.

Robert W. Rust, U. S. Atty., Lawrance B. Craig, Asst. U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Harry Marselli, Elmer J. Kelsey, Stephen M. Gelber, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants-appellants.

George D. Gold, Patrick A. Podsaid, Philip T. Weinstein, Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

JOHN R. BROWN, Chief Judge.

This case presents once again a pattern we have seen too often recently: arrest by local police, immediate notification of the IRS when drugs and a large amount of cash are found in the possession of the suspect, quick termination of the suspect's taxable year followed by a jeopardy assessment based on a totally insupportable extrapolation of taxes due from the drugs found, and seizure by the IRS of the cash and valuables then impounded at the police station. This Court has deplored these tactics in earlier opinions [1] and has held that the assessment and seizure may be enjoined in the absence of a deficiency notice issued within 60 days after the quick termination.[2] Here the District Court granted a summary judgment for the plaintiff and ordered the return of his seized property. We affirm.

Acting on an informant's tip two detectives of the Metropolitan Dade County Public Safety Department arrested

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. *Willits v. Richardson,* 5 Cir., 1974, 497 F.2d 240, 246; *Clark v. Campbell,* 5 Cir., 1974, 501

F.2d 108, 110; *Aguilar v. United States,* 5 Cir., 1974, 501 F.2d 127, 129; *Lucia v. United States,* 5 Cir., 1973, 474 F.2d 565 (en banc).

2. *Clark v. Campbell, supra,* at 110.

Charles Kabbaby on July 13, 1973. Approximately one ounce of cocaine, over $30,000 in cash, and assorted weapons and pieces of jewelry were found in Kabbaby's car. The IRS was immediately notified of the arrest by the police. Kabbaby's taxable year of 1973 was terminated under 26 U.S.C.A. § 6851, the IRS calculated that he owed $66,189.00 for 1973,[3] and his property was seized. Plaintiff filed suit for return of his cash and other seized items on July 19, 1973. Following an emergency hearing on July 20, the District Court denied Kabbaby's injunctive relief on the basis that he failed to prove the requirements of *Enochs v. Williams Packing and Navigation Co.*[4] For the next 15 months Kabbaby concentrated his efforts on fighting the criminal charges against him.

Apparently realizing that, following our 1974 opinions in *Willits, Clark* and *Aguilar,* their 1973 quick termination assessment against Kabbaby could not be sustained, the IRS abated that assessment one week after Kabbaby again filed on October 29, 1974 a motion for summary judgment and injunctive relief seeking return of his seized property. Not to be defeated by our decisions in *Clark-Aguilar* the IRS claimed in its "supplemental memorandum in opposition to motion for summary judgment," filed December 9, 1974, that the seized property was actually an *overpayment* and therefore to be credited to unsatisfied tax liabilities of other years,[5] namely $74,960.74 allegedly due for 1970–72.[6]

This Court rejects the IRS' theory that a totally invalid quick termination seizure of Kabbaby's property based on an "excessive, arbitrary, capricious" assessment "without factual foundation",[7] can by any reasonable definition be considered an overpayment.[8] In the words of the District Court, "this Court is confident that the ordinary principles of justice and due process [will] not allow the internal revenue service to obtain an advantage by reason of its initial abuse of authority . . ."

3. IRS Agent Zahurak, the same agent involved in *Willits, supra,* testified that the $66,189.00 figure was based on an estimated income of $231,600.00. This latter figure was calculated by multiplying the retail value of one ounce of cocaine, $1,200.00, by 193, the number of days from January 1, 1973 until Kabbaby's arrest July 13. Agent Zahurak admitted that he had no specific evidence that Kabbaby had been selling cocaine for 193 days and that the tax assessment was based solely on this calculation rather than on property owned or past taxes paid. See app. p. 126, Pf.Ex. 4, for a reproduction of the visionary calculation sheet showing Kabbaby's taxes due.

4. 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. *Enochs* requires that to avoid the anti-injunction mandate of 26 U.S.C.A. § 7421(a), the plaintiff must prove that under the most liberal view of the facts and law at that time the Government cannot win and that he has no adequate remedy at law. *Id.* at 7, 82 S.Ct. 1125.

5. 26 U.S.C.A. § 6402(a).

    (a) General rule.—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

6. In the months after his arrest the Service determined that Kabbaby had not filed tax returns for 1970, 1971, or 1972. The amount he allegedly owed for those years is as follows:

| TAX YEAR ENDED | DEFICIENCY | FRAUD PENALTY |
|---|---|---|
| December 31, 1970 | $ 14,563.47 | $ 7,281.74 |
| December 31, 1971 | 8,565.46 | 4,282.73 |
| December 31, 1972 | 26,844.89 | 13,422.45 |

Kabbaby is now contesting that assessment in the Tax Court. See appellant's brf. pp. 35–40.

7. *Lucia v. United States, supra,* at 573.

8. Before it is possible to have an overpayment there must first have been a payment. *Fortugno v. C. I. R.,* 3 Cir., 1965, 353 F.2d 429, 433. We indicated in *Clark* that seizure does not equal payment.

    "Under § 6861 and § 6851 as we interpret them the taxpayer may obtain review of liability *prior* to actual payment even though the IRS may seize the taxpayer's assets before the commencement of Tax Court proceedings."

*Clark, supra* at 126.

Although the issue whether a notice of deficiency is necessary to sustain a quick termination and seizure is presently pending before the Supreme Court,[9] until such time as that Court may decide that we were wrong in our interpretation of § 6851, we will not allow the IRS to use its spurious overpayment argument to deny the taxpayer the protection assured by *Clark v. Campbell.*

Affirmed.

**9.** Certiorari has been granted in both *Laing v. United States,* 2 Cir., 1974, 496 F.2d 853, *cert. granted,* 419 U.S. 824, 95 S.Ct. 39, 42 L.Ed.2d 47 and *Hall v. United States,* 6 Cir., 1974, 493 F.2d 1211, *cert. granted,* 419 U.S. 824, 95 S.Ct. 40, 42 L.Ed.2d 47. On June 23, 1975 the Supreme Court entered an order restoring the cases for oral argument next term. 43 USLW 3674 (June 24, 1975). In addition the government has filed petition for certiorari in *Clark v. Campbell, supra.* 43 USLW 3433 (Feb. 4, 1975) (No. 74–722).