UNITED STATES of America, Plaintiff,

v.

Warren R. COOPER and Sarge's Liquor Post, Defendants.

Civ. A. No. 1247–72.

United States District Court, District of Columbia.

July 30, 1976.

Samuel Martin Teel, Jr., Dept. of Justice, Washington, D.C., for plaintiff.

Werner Strupp, Roger Zuckerman, Washington, D.C., for defendants.

GESELL, District Judge.

## MEMORANDUM ON REMAND AND ORDER

On March 22, 1972, the United States terminated the taxable period January 1, 1972, through March 22, 1972, of Warren A. Cooper, and made a termination assessment of income tax against him. On April 4, 1972, the United States terminated the taxable period January 1, 1972, through April 4, 1972, and made another termination assessment of income tax against him. The basis of these termination assessments was the sale by Mr. Cooper of $528,000 worth of narcotics.

On June 22, 1972, the United States filed in this action a complaint seeking judgment for the unpaid balance of the assessment, and seeking receivership of Sarge's Liquor Post, a corporation owned solely by Mr. Cooper. On June 23, with the agreement of all parties, this Court entered an order appointing a receiver pending the determination of Mr. Cooper's tax liabilities. The United States collected $76,041.48 during 1972 and 1973 pursuant to these termination assessments. It refunded $5,744.84 of this amount after the Court found that it was the property of the corporate defendant.

On January 31, 1975, the United States issued a 30-day letter notifying Cooper that the Commissioner of Internal Revenue proposed to determine a deficiency in income taxes for the entire year of 1972 in the amount of $97,811.08. Mr. Cooper filed a petition with the United States Tax Court for a redetermination of that deficiency.

On February 10, 1975, the action herein was dismissed upon termination of the receivership with no further funds to apply to Cooper's tax liabilities.

Mr. Cooper appealed. Following the Supreme Court's opinion in *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976), the United States Court of Appeals for the District of Columbia Circuit on May 3, 1976 remanded the case for a decision as to the disposition of the seized funds in light of *Laing*.

From briefs and arguments of counsel and on review of additional data developed as a consequence of the hearing on remand, further facts were established.

On June 1, 1976, jeopardy assessments were made against Mr. Cooper for the years 1967–1972. These assessments were pursuant to statutory notices of deficiency previously issued for these years, plus interest, which Cooper was contesting in Tax Court.

The 1972 termination assessments are procedurally defective under the rule established by *Laing*. Cooper, therefore, argues that he is now entitled to a return of the seized funds. The Government disagrees and seeks by administrative action to credit these funds to taxes due under the June 1, 1976, jeopardy assessments.

The original illegal seizure alone is not sufficient to prohibit the Government from crediting seized property to a later valid tax assessment. *Welsh v. United States*, 95 U.S.App.D.C. 93, 220 F.2d 200 (1955). Defendant relies on *Kabbaby v.*

*Richardson*, 520 F.2d 334 (5th Cir. 1975), where the Internal Revenue Service seized plaintiff's property by a rapid termination assessment which was later abated due to its illegality. When the taxpayer sued for a return of the property, the Internal Revenue Service asserted the seized property was an "overpayment" and could be credited to his other tax liabilities. 26 U.S.C. § 6402(a). The Fifth Circuit held that a seizure based on an " 'excessive, arbitrary, capricious' assessment 'without factual foundation' " could not be considered an overpayment. However, the seizure in this case was unlawful only because the assessment was procedurally defective in view of the recent ruling in *Laing*. It was neither arbitrary nor capricious. The property taken pursuant to the 1972 termination assessments may be made subject to the June 1, 1976, jeopardy assessment if that assessment is valid.

■ Mr. Cooper seeks to enjoin the June 1st jeopardy assessment to which the Internal Revenue Service intends to credit the seized property. Federal district courts have no jurisdiction to enjoin tax collections, I.R.C. § 7421(a) except in the most unusual circumstances. *See Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961). This Court may enjoin a jeopardy assessment only where equity jurisdiction would otherwise exist, and where it is clear on the facts available at the time of the hearing that under no circumstances could the Government ultimately prevail. *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 1067, 47 L.Ed.2d 278 (1976). Equity jurisdiction would not exist in this case since there are no "extraordinary circumstances causing irreparable harm to the taxpayer, for which the taxpayer has no adequate remedy at law." *Shapiro v. Secretary of State*, 162 U.S.App.D.C. 391, 499 F.2d 527 (1974), *aff'd sub nom. Commissioner of Internal Revenue v. Shapiro, supra*. Defendant in this case has been convicted of a crime and is serving his sentence. Unlike *Shapiro*, recovery of the disputed funds will not secure his release from incarceration. And the asserted economic loss to several of Mr. Cooper's business ventures does not rise to the stature of irreparable injury. In addition, Cooper has let his litigation in the Tax Court languish. He has not filed interrogatories, nor moved for summary judgment, though he claims the assessment is without foundation in fact. Further, trial in the Tax Court was scheduled for May 3, 1976, and he moved for a continuance. As the Supreme Court noted in *Shapiro*, where the taxpayer has devoted most of his energies to litigating in the federal courts and has not vigorously pursued his remedy in the Tax Court, equity will not intervene. *Shapiro v. Secretary of State*, 424 U.S. 634 at n.15, 96 S.Ct. 1074.

There is absolutely no showing that the United States has proceeded in bad faith. There is also no showing that Mr. Cooper's tax liabilities are less than the amount of the funds seized. Therefore, these proceedings are terminated and defendant must pursue any further remedies in the Tax Court. The Internal Revenue Service may credit the seized funds to the June 1, 1976, jeopardy assessment.

SO ORDERED.