**L. B. McFARLAND**

v.

**UNITED STATES of America.**

**Civ. A. No. C79–801A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 15, 1980.

Herbert Shafer, Atlanta, Ga., James K. O'Malley, Pittsburgh, Pa., for plaintiff.

William L. Harper, U.S. Atty., Barbara A. Harris, Asst. U.S. Atty., Atlanta, Ga., Gerald B. Leedom, Atty., Tax Div., Civ. Trial Section, Dept. of Justice, Washington, D.C., for defendant.

### ORDER

NEWELL EDENFIELD, District Judge.

This action, brought pursuant to 26 U.S.C. § 7422 for a tax refund, is currently before the court on the Government's motion for partial summary judgment, Rule 56, Fed.R.Civ.P.

Plaintiff in this action seeks to recover amounts levied upon by the Government in partial satisfaction of a wagering excise tax assessment. On March 30, 1974, agents of the Georgia Bureau of Investigation (GBI) seized cash belonging to plaintiff in the approximate amount of $355,000, plus other items of value. The Internal Revenue Service (IRS) then immediately made an assessment against plaintiff for unpaid wagering excise taxes in the amount of $388,-120. On or about April 1, 1974, pursuant to a levy served upon the GBI, the IRS collected and applied a total of $355,570.08 against plaintiff's assessed tax liability. Subsequently, additional assessments for income and employment taxes in excess of $400,000 were made against plaintiff. Plaintiff filed for a refund of the amount in the possession of the IRS in June 1977. Upon the denial of this claim in February 1979, plaintiff filed this action, *see* 26 U.S.C. § 7422. The Government has counterclaimed for amounts assessed against, but not yet collected from, plaintiff.

The Government now moves for summary judgment on plaintiff's claim for a refund on the ground that plaintiff failed to bring his claim within the applicable two-year statute of limitations. The Internal Revenue Code provides that the IRS shall allow no credit or refund of any tax unless the taxpayer files a claim within two years from the time the tax was paid. 26 U.S.C. §§ 6511(a), 6511(b)(1). The Government's position is that plaintiff's claim for refund—filed in June 1977—was filed more than three years after the tax was paid on or about April 1, 1974, and accordingly the court has no jurisdiction to entertain this suit. *See* 26 U.S.C. § 7422(a); *Essex v. Vinal*, 499 F.2d 226, 231 (8th Cir. 1974); *United States v. Rochelle*, 363 F.2d 225, 231 (5th Cir. 1966).

Plaintiff opposes the Government's motion on several grounds. Initially, plaintiff asserts that his complaint raises genuine issues of fact as to the dates upon which the GBI seized plaintiff's assets, the IRS assessed taxes due against plaintiff, and the IRS levied upon plaintiff's assets. Plaintiff has not seriously pursued this assertion, however, and a glance at the complaint convinces the court of the infirmity of plaintiff's argument.[1] The complaint un-

---

1. Rule 56 prohibits plaintiff from relying merely on his pleadings in these circumstances. He

equivocally states that the GBI seized plaintiff's property on March 30, 1974 and that "immediately" thereafter the IRS served a jeopardy assessment and levied upon that property. The complaint also refers to and incorporates an exhibit that purports to be a copy of the assessment. This document is dated March 30, 1974. Accordingly, the court finds that there are no issues of material fact that the GBI seized plaintiff's property on March 30, 1974, that on or about March 30, 1974 the IRS made an assessment against plaintiff for unpaid wagering excise taxes, and that on or about April 1, 1974 the IRS levied upon the property seized by the GBI.

A more troublesome issue raised by plaintiff is whether the tax assessed against him can be considered as "paid" within the meaning of section 6511 as of the date that the Government levied upon plaintiff's property to satisfy an assessment. Section 6511(a) states in pertinent part that a "[c]laim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within . . . 2 years *from the time the tax was paid.*" (Emphasis added.) Plaintiff claims that the seizure of his property to satisfy an assessment against him did not constitute a payment and accordingly did not trigger the running of the two-year statute of limitations.

In support of his position, plaintiff points to *Kabbaby v. Richardson,* 520 F.2d 334 (5th Cir. 1974). *Kabbaby* involved the seizure by local police of large amounts of cash and drugs from Kabbaby's car. The IRS made a termination assessment pursuant to 26 U.S.C. § 6851, followed by a levy and collection. Thereafter, the IRS abated the termination assessment in full, but instead of returning the seized property it attempted to apply the amount to allegedly unsatisfied tax liabilities for earlier tax years. The IRS took the position that the property

constituted an overpayment and was therefore subject to application to unpaid tax liabilities for earlier years.

Kabbaby brought suit seeking to enjoin the IRS from retaining this property. *See* 26 U.S.C. § 6402(a). The Fifth Circuit rejected the IRS's position and upheld the district court's decision to order the return of the seized property to its original owner. The court characterized the original assessment as "excessive, arbitrary, and capricious" and stated that the seizure of Kabbaby's property could not reasonably be considered an overpayment. 520 F.2d at 335. In a footnote, the court further explained its reasoning: "Before it is possible to have an overpayment there must first have been a payment. . . . We indicated in *Clark* [*v. Campbell,* 501 F.2d 108, 126 (5th Cir. 1974)] that seizure does not equal payment." 520 F.2d at 335 n. 8.

Plaintiff claims that the language employed by the court in footnote 8 is dispositive of the precise issue in this case. With this position the court cannot agree. First, *Kabbaby* involved an injunction action in which the procedures employed by the IRS in making a termination assessment were specifically under attack.[2] The court did not address the payment issue in the context of the instant action, which is a suit for a refund of taxes paid, 26 U.S.C. § 7422, and which is subject to the statute of limitations provision set forth in 26 U.S.C. § 6511. Second, the rule that "seizure does not equal payment" has greater applicability to the facts of *Kabbaby* than it does to the instant case. In *Kabbaby,* the IRS had abated the termination assessment against Kabbaby, leaving the IRS with seized property but without an assessment to which to apply it. In the instant action, more than mere seizure has taken place. The IRS also has an assessment against plaintiff to which

must, by affidavit or otherwise, set forth "specific facts" showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. This the plaintiff has not done with respect to his contention that the dates as set forth by the Government are not accurate.

2. The court apparently was reluctant to allow the IRS "to obtain an advantage [in another year] by reason of its initial abuse of authority [with respect to the termination assessment]." 520 F.2d at 335. *See also Willits v. Richardson,* 497 F.2d 240, 246 (5th Cir. 1974); *Aguilar v. United States,* 501 F.2d 127, 129 (5th Cir. 1974).

the seized property can be applied. Finally, it appears that the case cited by the court in *Kabbaby* for the proposition that seizure does not equal payment—*Clark v. Campbell*, 501 F.2d 108, 126 (5th Cir. 1974)—involved the question of whether seizure should constitute payment in the situation where the taxpayer decides to pursue the remedy of redetermination of the amount due in the Tax Court. The Internal Revenue Code makes this redetermination remedy available *prior* to the actual payment of the assessment, while pursuit of a refund in district court as the taxpayer seeks to do here is available only *after* the contested assessment has been paid.[3]

*Bruno v. United States*, 547 F.2d 71 (8th Cir. 1976), is much more similar factually to the instant case than is *Kabbaby*. In that case, Bruno was arrested on December 10, 1956; $753 in cash and $38,000 in bonds were taken from him at that time. On December 11, 1956, the IRS seized this property and applied it to Bruno's alleged federal tax liability. On that same date Bruno was deported to Italy. He re-entered the United States in 1970, and in October 1974 he brought a claim for a refund of the amounts seized in 1956. Upon the IRS's disallowance of his claim, he brought an action in district court.

The district court found that Bruno's administrative claim for refund had been untimely filed and that consequently the court had no subject matter jurisdiction to review the administrative determination. The court of appeals affirmed, relying on sections 6511 and 7422 of Title 26. The court stated that both of these sections require the filing of an administrative claim for a refund within two years *of the payment of*

*the tax.* 547 F.2d at 73 (emphasis added). Although Bruno did not raise the specific issue now before this court, the court of appeals nonetheless clearly proceeded on the assumption that the levy on Bruno's property in 1956 constituted payment of his alleged tax liability for statute of limitations purposes.

The court also looks for guidance on this issue to cases that have considered whether amounts remitted to the IRS in excess of tax liability as ultimately determined are "overpayments" which the Government must return with interest. These cases have relevancy to the issue now before the court for the reason that

> [i]f it is not payment in order to relieve the Government from paying interest on a subsequently determined excess, it cannot be payment to bar suit by the taxpayer for its illegal retention. It will not do to treat the same transaction as payment and not as payment, whichever favors the Government.

*Rosenman v. United States*, 323 U.S. 658, 663, 65 S.Ct. 536, 538, 89 L.Ed. 535 (1945). Although the cases confronting the issue of what constitutes payment for purposes of whether a taxpayer may recover interest have failed to reach uniform results, *Fortugno v. Commissioner*, 353 F.2d 429, 433 (3d Cir. 1965), it appears that where amounts are collected pursuant to an assessment, those amounts clearly constitute tax payments.[4] *E. g., Rosenman v. United States, supra,* at 662–63; *Fortugno v. Commissioner, supra,* at 435. *See also Ameel v. United States,* 426 F.2d 1270, 1272 (6th Cir. 1970); *Thomas v. Mercantile National Bank at Dallas,* 204 F.2d 943, 944 (5th Cir. 1953)

---

**3.** Plaintiff seems to acknowledge in his complaint that this suit is one for a refund of amounts previously paid. He seeks the relief of a "refund [of] the money paid for wagering excise taxes and unemployment taxes." Complaint, at 3.

**4.** Some cases, for instance, have held that the taxpayer has made payment when he remits an account *either* pursuant to an assessment *or* pursuant to an acquiescence in the proposed deficiency. *See Fortugno v. Commissioner,* 353 F.2d 429, 435 (3d Cir. 1965).

Finally, the court notes that 26 U.S.C. § 7426(g) states that interest begins to accrue on overpayments from the "date the Secretary receives . . . the money wrongfully levied upon . . . ." This language indicates that amounts collected by the IRS pursuant to levy are to be considered paid, and this would be true not just for accrual of interest purposes, but for statute of limitations purposes as well. *Rosenman v. United States, supra.*

(statute of limitations begins to run on the date of assessment where payment precedes assessment); *Pina v. United States,* [1978] Stand. Fed. Tax Rep. (CCH) ¶ 9298 (statute of limitations begins to run on the date of payment *or* levy).

In the judgment of the court, these cases along with *Bruno v. United States, supra,* require that the court treat the $355,570.08 levied upon by the IRS to satisfy an assessment as a payment of the tax alleged to be due. Moreover, the court notes that to reach a contrary result would create a situation in which *no* statute of limitations existed for refund claims for amounts involuntarily collected by the IRS. Taxpayers would have an indefinite period in which to seek recovery of these amounts, and the IRS would not be able to raise section 6511 as a bar to these actions. Furthermore, the IRS might be liable for the payment of interest on amounts paid out as refunds because, for purposes of determining whether the IRS must pay interest on these amounts, they are considered payments upon which interest accrues from the date of levy. 26 U.S.C. § 7426(g); *see* note 4 *supra.* Under the circumstances presented in this case, the court will follow what it believes to be the greater weight of authority and the more sensible approach, and holds as a matter of law that the $355,-570.08 amount collected by the IRS on April 1, 1974 constituted a payment of taxes assessed against plaintiff. Accordingly, plaintiff's instant claim for a refund of this amount is precluded by the two-year statute of limitations. The Government's motion for partial summary judgment is GRANTED.