**Dona H. SLY and Joann E. Sly, Plaintiffs–Appellants,**

v.

**The UNITED STATES of America, Defendant–Appellee.**

No. 86–7773.

United States Court of Appeals, Eleventh Circuit.

Feb. 2, 1988.

Dona H. Sly, pro se.

Joann E. Sly, pro se.

John T. Robertson, Gadsden, Ala., for plaintiffs-appellants.

Frank W. Donaldson, U.S. Atty., Caryl Privett, Asst. U.S. Atty., Birmingham, Ala., Michael L. Paup, Roger Olsen, U.S. Dept. of Justice, Gilbert S. Rothenberg, Tax Div., U.S. Dept. of Justice, Janet A. Bradley, Washington, D.C., for defendant-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and CARR *, District Judge.

ANDERSON, Circuit Judge:

This appeal presents the narrow issue of whether a tax is "paid" at the time the taxpayer's real property is seized by the Internal Revenue Service ("IRS") for collection of the tax or at the time of the sale

---

* Honorable George C. Carr, U.S. District Judge for the Middle District of Florida, sitting by designation.

of such property. We conclude that the tax is not "paid" until the seized property is sold.

## I. FACTS

On March 4, 1981 and October 16, 1981, the IRS filed tax liens in the total amount of $3006.61 against two parcels of real property owned by appellants Dona and Joann Sly. The tax deficiency was from appellants' 1976 tax year. On March 12, 1982, the IRS filed a notice of levy on the real property and on April 19, 1982, filed a notice of seizure.

The Slys filed a refund claim on June 7, 1982. The IRS made two unsuccessful attempts to sell the property and thereafter determined that its value was insufficient to justify the cost of a sale. Consequently, the IRS returned the real property to the Slys on August 3, 1982. The IRS denied the Slys' refund claim on October 26, 1983.

The Slys' outstanding tax liability was satisfied in full on March 25, 1983, following the IRS' seizure and sale of the Slys' automobile. The Slys then filed an amended refund claim on April 26, 1985, which the IRS denied on August 27, 1985. The Slys commenced this action for a refund on October 25, 1985, in the U.S. District Court for the Northern District of Alabama.

At trial, the court granted a directed verdict in the government's favor. The basis for the court's decision was that neither of the Slys' refund claims was filed within the applicable statute of limitations. 26 U.S.C. § 6511. Section 6511 requires that a taxpayer must file a refund claim either within three years following the date

on which the return is filed[1] or within two years after the tax is paid.[2]

The Slys assert that the tax was "paid" when the real property was seized on April 19, 1982; and therefore that their June 7, 1982 claim, filed less than two months after the seizure, was timely.[3] The district court concluded, however, that seizure of property did not constitute payment of the tax and that payment was not made until the Slys' automobile was seized and sold on March 25, 1983. Consequently, the Slys' initial refund claim, filed on June 7, 1982, was premature and their second claim, filed on June 26, 1985, was outside the two-year statute of limitations by one month.

## II. DISCUSSION

The sole issue raised on appeal is whether seizure of the Slys' real property constitutes payment of the tax for the purposes of triggering the two-year statute of limitations of 26 U.S.C. § 6511(a). We conclude that a tax is not "paid" until the seized property is sold.

This court has never explicitly addressed this issue. However, in *Clark v. Campbell*, 501 F.2d 108, 126 (5th Cir.1974),[4] the former Fifth Circuit, in anther context, implied that a tax is not "paid" until property is seized, sold, and the proceeds applied to the tax liability. *Accord Kabbaby v. Richardson*, 520 F.2d 334, 335 n. 8 (5th Cir. 1975) ("We indicated in *Clark* that seizure does not equal payment.").

The Supreme Court's decision in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), also supports our conclusion that seizure does

---

**1.** The parties agree that the three-year statute of limitations expired before the Slys' initial claim was filed. They filed their 1976 tax return on April 11, 1977, thus the statute of limitations expired on April 11, 1980. Their first refund claim was not filed until June 7, 1982.

**2.** Section 6511(a) provides as follows:

*Period of limitation on filing claim.* Claim for credit or refund of an overpayment of any tax imposed by this Title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed or two years

from the time the tax was paid, whichever of such periods expires the later....

**3.** The Slys' argument is premised on the assumption, which we must accept in this directed verdict posture, that the jury reasonably could have concluded that the value of the real property on the seizure date was greater than or equal to the tax liability so that the tax would have been paid in full.

**4.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

not constitute payment. The issue in *Whiting* was whether property seized by the IRS prior to the taxpayer's declaration of Chapter 11 bankruptcy was part of the reorganization estate and thereby subject to the automatic stay provisions of the Bankruptcy Code which prohibited sale or disposition of the reorganization estate's assets by a secured creditor. The court concluded that because the IRS' seizure of property did not divest the taxpayer of his ownership of that property, the IRS was subject to the bankruptcy stay and could not sell the seized property to satisfy the tax liability. The court noted that ownership of the seized property did not transfer to the IRS until the property was sold at a tax sale. 462 U.S. at 209–12, 103 S.Ct. at 2316–17.

By analogy, if ownership of property is not transferred from the taxpayer to the IRS when the latter seizes property pursuant to a tax lien and levy, it is impossible for the seizure to constitute payment. Payment only could occur when the IRS becomes the "owner" of the property, which under *Whiting* does not occur until the property is sold. Consequently, "payment" of a tax is concurrent with the IRS' sale—not its seizure—of a taxpayer's property.

Our conclusion also is supported by policy considerations. The rule urged by the taxpayer here would introduce unnecessary uncertainty into an area where certainty is important. Unless there is a measure of certainty and predictability surrounding the two-year time period for filing a claim for refund, unwary taxpayers will fall into the trap of having the time period expire and be barred by the statute of limitations. Because the precise value of property seized often will be uncertain at the time of seizure, it will often be unclear whether such value equals the full amount of the tax due. Thus, it would be difficult for the taxpayer to know whether the tax has been paid in full and therefore whether the two-year time for claiming the refund has been triggered.[5]

For the foregoing reasons, the decision of the district court is

AFFIRMED.

---

5. Also, the taxpayer's position would create an administrative problem. The IRS cannot know how much to credit the deficiency owed by the taxpayer until the sale fixes the value of the amount to be credited to the tax.