T.C. Memo. 2009-151

UNITED STATES TAX COURT

JACK M. CHAKOIAN, II AND KIM M. CHAKOIAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19982-07.                    Filed June 25, 2009.

Jack M. Chakoian, II, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  On June 7, 2007, respondent issued a notice
of final determination denying petitioners' claim for abatement
of interest.  Petitioners timely filed a petition under section
6404(h).[1]  The issue for decision after concessions is whether

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.  Amounts are rounded to
(continued...)

petitioners are entitled to an abatement of interest under section 6404(e) with respect to their 1998 and 1999 Federal income tax liabilities.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. At the time petitioners filed their petition, they resided in the State of Washington.

I.  Notices of Deficiency

Petitioners timely filed Forms 1040, U.S. Individual Income Tax Return, for 1998 and 1999.

On May 18, 2000, respondent sent a letter to petitioners notifying them that their 1998 return had been selected for examination. On March 2, 2001, respondent issued a notice of deficiency with respect to petitioners' 1998 return. Petitioners did not petition this Court in response to the notice of deficiency.

---

[1](...continued)
the nearest dollar.

[2]Petitioners concede that they are not entitled to abatement of interest for periods beginning before Mar. 4, 2002. Petitioners also concede that they are not entitled to abatement of interest with respect to their 2003 Federal income tax liability.

On March 22, 2001, respondent sent a letter to petitioners notifying them that their 1999 return had been selected for examination.  On December 12, 2001, respondent issued a notice of deficiency with respect to petitioners' 1999 return.

Rather than petition this Court in response to the notice of deficiency, petitioner Jack M. Chakoian, II (Mr. Chakoian) called respondent on March 4, 2002, and requested that the case be transferred from Chicago, Illinois, to Seattle, Washington. Respondent informed Mr. Chakoian that the case could not be transferred during the 90-day statutory period when petitioners could file a petition with the Tax Court.

## II.  Offer-in-Compromise

On April 2, 2002, petitioners submitted an offer-in-compromise (OIC) based on doubt as to liability.  Respondent's witness, IRS Interest Abatement Coordinator Tom Poppe (Mr. Poppe), testified at trial that the IRS office in charge of processing OICs based on doubt as to liability was "inundated with offers at the time."  He also testified that OICs based on doubt as to liability were considered low-priority cases, so it was "unfortunately typical for offers in compromise not to be worked for two or three years".  Because of the backlog of OICs already filed with the Internal Revenue Service (IRS), petitioners' OIC was not assigned to a tax examiner until March 4, 2004.  On March 9, 2004, respondent notified petitioners that

their OIC would be rejected. On June 4, 2004, respondent sent an official rejection memorandum to petitioners.

On July 7, 2004, petitioners requested a conference with the IRS Appeals Office. On September 21, 2004, and February 16, 2005, Appeals Officer Jeffrey Sherrill held appeals conferences with petitioners. On July 25, 2005, the Appeals Office mailed petitioners a letter rejecting their OIC but allowing them to reduce their 1999 liability by $2,889 and their 1999 section 6662 penalty by $578.

III. <u>Interest Abatement</u>

On November 21, 2006, petitioners submitted requests for abatement of interest to the IRS and sent copies of the requests to the Taxpayer Advocate in Seattle, Washington. Respondent assigned the interest abatement case to Mr. Poppe. On December 22, 2006, Mr. Poppe completed a 12-page analysis of petitioners' requests entitled "Interest and Penalty Abatement Case Details." The analysis concluded that respondent should deny petitioners' interest abatement request because respondent had followed all established administrative procedures for processing petitioners' OIC.

On February 2, 2007, Mr. Chakoian sent a letter to Mr. Poppe indicating that Mr. Chakoian had previously received a letter from Mr. Poppe which articulated respondent's intent to deny petitioners' request. Mr. Chakoian argued in his letter that

petitioners were entitled to interest abatement because a call center employee of respondent had instructed petitioners to submit an OIC in order to move the case from Chicago to Seattle.

On March 7, 2007, petitioners' interest abatement case was assigned to Appeals. On March 9, 2007, Appeals declined petitioners' request for interest abatement but allowed a partial section 6662 penalty abatement of $1,290 for 1998 and $796 for 1999.

On June 7, 2007, the Office of Appeals in Sacramento, California, sent petitioners a notice entitled "Full Disallowance - Final Determination" (final determination) in response to petitioners' request for abatement of interest. The final determination did not explain the reasons for respondent's denial of petitioners' request. The pertinent part of the final determination stated:

> We regret that our final determination is to deny your request for an abatement of interest. We had to deny your request for the following reason(s):
>
>  If you disagree with our denial of your claim for an abatement of interest, and you meet the eligibility requirements described below, you may request a review of our denial in the United States Tax Court.

On September 4, 2007, petitioners filed a petition for review of respondent's failure to abate interest under section 6404, and a trial was held on June 9, 2008, in Seattle, Washington.

OPINION

We review the Commissioner's determination not to abate interest for abuse of discretion. Sec. 6404(h)(1). Our inquiry is a factual one, and we proceed on a case-by-case basis. See Boyd v. Commissioner, T.C. Memo. 2000-16. The Court will direct the Commissioner to abate interest if the Commissioner's exercise of discretion was arbitrary, capricious, or without sound basis in fact or law. See Mathia v. Commissioner, T.C. Memo. 2009-120; Kincaid v. Commissioner, T.C. Memo. 1999-419.

The Court has jurisdiction to review the record in the instant case to determine whether to sustain respondent's denial of relief. See sec. 6404(h)(1). Petitioners claim that respondent abused his discretion in failing to abate interest under section 6404(e) because (1) petitioners were induced to file an OIC upon the oral advice of one of respondent's call center employees and (2) respondent's decision to give petitioners' OIC low-priority status resulted in unreasonable delay.

Section 6404(e)(1) provides that the Secretary may abate the assessment of interest on any deficiency in tax attributable in whole or in part to any unreasonable error or delay by an officer or employee of the IRS in performing a ministerial or managerial act. A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment or discretion and

occurs during the processing of a taxpayer's case after all the prerequisites to the act, such as conferences and review by supervisors, have taken place. See Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2(b)(2), Proced. & Admin. Regs. A managerial act means an administrative act that involves a temporary or permanent loss of records or the exercise of judgment or discretion relating to personnel management during the processing of a taxpayer's case. Sec. 301.6404-2(b)(1), Proced. & Admin. Regs. In contrast, a decision concerning the proper application of Federal tax law is not a ministerial or managerial act. Sec. 301.6404-2(b), Proced. & Admin. Regs.

Petitioners first contend that they were induced to file an OIC upon the oral advice of one of respondent's call center employees. Petitioners were unable to specify the name of this employee or the date of their conversation. In any case, furnishing such oral advice does not constitute an erroneous performance of a managerial or ministerial act under section 301.6404-2, Proced. & Admin. Regs.

Petitioners also claim that respondent committed a managerial act that resulted in an unreasonable delay by failing to process petitioners' OIC from April 2, 2002, through March 4, 2004. From our review of the record, respondent was not dilatory in performing a managerial act. Although the decision to give petitioners' OIC low-priority status constituted a managerial

act, respondent's decision did not lead to an unreasonable error or delay under the facts of this case.  Petitioners do not allege, and the record does not show, that respondent deviated from standard IRS procedures in processing petitioners' OIC.  See Braun v. Commissioner, T.C. Memo. 2005-221.  The time respondent took to process petitioners' OIC resulted from a backlog of OICs based on doubt as to liability, and the delay was not unreasonable under the circumstances.[3]  Accordingly, petitioners have not shown that respondent committed a managerial act that lead to an unreasonable error or delay.

Petitioners' arguments do not rise to the level the statute requires for relief.  See Cosgriff v. Commissioner, T.C. Memo. 2000-241 (holding that the taxpayers' allegations of hardships were not proper grounds for interest abatement).[4]  Petitioners received $4,975 of relief from respondent by participating in the

---

[3]Congress has taken steps to safeguard against unreasonable delays in the processing of OICs by enacting the Tax Increase Prevention and Reconciliation Act of 2005, Pub. L. 109-222, 120 Stat. 345 (2006), on May 17, 2006.  Under the act, the IRS must make a determination on an OIC within 2 years or else the offer is deemed accepted.  Id. sec. 509(b)(2), 112 Stat. 363.  This provision became effective for all offers received by the IRS starting July 16, 2006, id. sec. 509(d), 112 Stat 364, and thus is not applicable to the present case, see 1 Administration, Internal Revenue Manual (CCH), pt. 5.8.1.9, at 16,257 (Sept. 23, 2008).

[4]Petitioners also sought at trial to raise substantiation issues with regard to business expenses.  As this is an interest abatement case, we cannot adjudicate substantiation issues.  See Krugman v. Commissioner, 112 T.C. 230, 236-237 (1999).

Appeals process.[5] Given that the record contains no evidence that respondent committed any ministerial or managerial acts requiring abatement of interest under section 6404, we are unable to offer them further relief. Accordingly, despite the paucity of reasoning in respondent's final determination, the trial record establishes that respondent did not abuse his discretion in determining that petitioners are not entitled to abatement of interest under section 6404. See Jacobs v. Commissioner, T.C. Memo. 2000-123.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[5]Respondent reduced petitioners' 1999 liability by $2,889 and their 1999 sec. 6662 penalty by $578 when petitioners appealed the rejection of their OIC. Respondent further reduced petitioners' 1999 sec. 6662 penalty by $218 to $796 and reduced the 1998 penalty by $1,290 when petitioners filed an interest abatement claim.