T.C. Summary Opinion 2012-76

UNITED STATES TAX COURT

JAMES A. ADAMS AND FRANCES A. ADAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13398-10S L.                  Filed July 31, 2012.

James A. Adams and Frances A. Adams, pro sese.

<u>David Baudilio Mora</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice) that sustained a proposed levy action for 2004. The issues for decision are whether: (1) the settlement officer (SO) abused her discretion when she denied petitioners' request for abatement of interest; (2) petitioners are liable for a section 6651(a)(3) addition to tax, including a section 6651(d)(1) rate increase for failure to pay tax in certain cases; and (3) the SO abused her discretion when she sustained the proposed levy action.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts as supplemented and the attached exhibits are incorporated herein by reference.[1] Petitioners resided in Texas when they filed their petition.

---

[1] Petitioners objected to Exhibits 1-J, 3-J, 4-J, 11-R, 12-R, and 13-R on the grounds of relevancy. Their objection to Exhibits 1-J, 3-J, 4-J, 12-R, and 13-R is overruled because the Court finds these exhibits are relevant to the case at hand. Fed. R. Evid. 401 defines "Relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

(continued...)

Petitioners filed a joint Federal income tax return for 2004. Their return was chosen for examination, and upon the conclusion of the examination a notice of deficiency was issued to them. Petitioners filed a petition with this Court in docket No. 25888-07S to dispute the proposed deficiency (docket No. 25888-07S). Petitioners signed a stipulated decision document (decision) for docket No. 25888-07S on August 12, 2008, and the Court entered it on August 21, 2008. The decision ordered and decided that there was a deficiency in Federal income tax of $16,478 and that there was no section 6662(a) penalty due from petitioners for 2004. The decision also states: "It is further stipulated that interest will be assessed as provided by law on the deficiency due from petitioners." Respondent assessed the deficiency and interest on November 10, 2008.

Petitioners filed a joint Federal income tax return dated April 5, 2008, for 2007, reporting an overpayment of $4,746. "Apply to 2004 tax" is handwritten on

[1](...continued)
Petitioners' objection to Exhibit 11-R is moot because that exhibit was not used in reaching the Court's decision.

Respondent objected to Exhibits 24-P through 76-P attached to the supplemental stipulation of facts on the grounds of relevancy. His objection to Exhibits 42-P, 57-P, 69-P through 74-P, and 76-P is overruled because the Court finds these exhibits relevant to the case at hand. Respondent's objection to Exhibits 24-P through 41-P, 43-P through 56-P, 58-P through 68-P, and 75-P is moot because those exhibits were not used in reaching the Court's decision.

line 76, Amount you owe. Respondent applied petitioners' 2007 overpayment to their estimated tax for 2008. On their 2008 joint Federal income tax return petitioners instructed respondent to apply their 2008 overpayment to their 2004 tax liability. Respondent applied petitioners' 2008 overpayment of $8,649--which included their 2007 overpayment--to their 2004 tax liability.

Respondent mailed petitioner wife a CP 503 Notice dated February 23, 2009, reporting an amount due of $21,608.56 for 2004. The heading at the top of the CP 503 Notice states: "IMPORTANT Immediate action is required."

Respondent mailed petitioner husband and petitioner wife each a CP 504 Notice dated September 14, 2009, reporting an amount due of $13,872.59 for 2004. The heading at the top of the CP 504 Notice states: "Urgent!! We intend to levy on certain assets. Please respond NOW."

Respondent mailed petitioner husband and petitioner wife each a Final Notice of Intent to Levy and Notice of Your Right to a Hearing dated November 23, 2009, for 2004. Ten days after that notice respondent began adding to petitioners' tax the section 6651(a)(3) addition to tax at the increased rate provided under section 6651(d). Petitioners mailed respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated November 30, 2009, for

2004.[2]  The Form 12153 bears a "received" stamp date of December 8, 2009, by respondent's Fresno, California, office.[3]  Petitioners' stated reason for the collection due process (CDP) hearing was:  "We are not in agreement with charges for penalty[4] & interest.  We have agreed to amount of tax.  Interest and penalty due to delays, inconsistanicies, & inappropriate advise by IRS [sic]."[5]

Petitioners requested a face-to-face CDP hearing by letter dated January 26, 2010.  Their case was transferred from the Fresno, California, office to the Houston, Texas, Appeals Office.  Petitioners had a face-to-face CDP hearing with the SO on May 11, 2010.  Petitioners' only arguments at the CDP hearing were that they should not have to pay the addition to tax and interest associated with their 2004 tax liability because they received incorrect advice from respondent and because the

---

[2]Petitioners had mailed respondent three other requests for a collection due process hearing dated January 5, April 5, and September 15, 2009.  Respondent mailed petitioners a letter for each of those requests that states that the request was untimely because no final notice of intent to levy had been mailed to petitioners.

[3]The Form 12153 bears the date "12-7-09" under the title "IRS Received Date" on the bottom of the second page with the heading "IRS Use Only".

[4]The "penalty" of which petitioners speak is actually an addition to tax.  The Court will refer to it as such throughout.

[5]Petitioners also reference docket No. 26842-09S on their Form 12153.  They petitioned the Court to dispute the same issues that the Court must decide now.  The case at docket No. 26842-09S was dismissed for lack of jurisdiction on February 25, 2010, because petitioners had not been issued a notice of determination for 2004.

process had taken too long. They did not provide the SO with any financial documents during the CDP hearing, nor did they provide any collection alternatives.[6]

Respondent issued petitioners the notice dated June 3, 2010, which sustained the proposed levy action for 2004.

## Discussion

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and that, if dissatisfied, the person may obtain judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). At the hearing the Appeals officer shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).

The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection

---

[6]Before their CDP hearing petitioners requested to be put on an installment plan. Respondent denied their request because they would not agree to an installment plan that included additions to tax and interest.

alternatives. Sec. 6330(c)(2)(A); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. at 180. The taxpayer may also raise challenges "to the existence or amount of the underlying tax liability", however, only if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Petitioners cannot challenge their underlying tax liability because they received a statutory notice of deficiency and because this Court entered a stipulated decision in docket No. 25888-07S pertaining to their underlying liability. <u>See</u> <u>id.</u>; <u>Katz v. Commissioner</u>, 115 T.C. 329, 339 (2000).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may nevertheless challenge the determination of the Appeals officer to proceed with collection as an abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. at 609-610; <u>Goza v. Commissioner</u>, 114 T.C. at 181-182.

The Court has jurisdiction under section 6404(h) to hear a request for abatement of interest in a CDP case. <u>Katz v. Commissioner</u>, 115 T.C. at 340; <u>see also</u> <u>Gray v. Commissioner</u>, 138 T.C. __ (Mar. 28, 2012).

I.     <u>Whether the SO Abused Her Discretion When She Denied Petitioners'</u>
<u>Request for Abatement of Interest</u>

Petitioners presented two arguments to support their position that the interest

that has accrued since the decision was entered against them should be abated.

First, they argue that respondent provided erroneous advice, and second they argue

that respondent's delay in applying their 2007 overpayment to their 2004 liability

allowed more interest and additions to tax to accrue.

A.     <u>Petitioners' Erroneous Advice Argument</u>

Under section 6404(e)(1) the Commissioner may abate the assessment of

interest on any deficiency to the extent that any error or delay in payment is

attributable to an officer or employee of the Internal Revenue Service's (IRS) being

erroneous or dilatory in performing a managerial or ministerial act.

A managerial act is an administrative act that occurs during the processing of

a taxpayer's case involving the temporary or permanent loss of records or the

exercise of judgment or discretion relating to management of personnel.  Sec.

301.6404-2(b)(1), Proced. & Admin. Regs.  A ministerial act is a procedural or

mechanical act that does not involve the exercise of judgment or discretion by the

Commissioner.  Sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  A managerial or

ministerial act, however, does not include "[a] decision concerning the proper

application of federal tax law (or other federal or state law)".  Sec. 301.6404-2(b), Proced. & Admin. Regs.

Petitioners argue that the interest on their 2004 tax liability should be abated because an IRS employee orally advised them to have more tax withheld than they owed each year and then request to have the overpayment applied to their 2004 tax liability, which petitioners did.  The oral advice petitioners claimed to have received does not constitute a ministerial or managerial act and therefore does not entitle petitioners to abatement of interest.  See sec. 301.6404-2, Proced. & Admin. Regs.; see also Chakoian v. Commissioner, T.C. Memo. 2009-151.

### B.    Petitioners' Delay Argument

Petitioners' delay argument centers around their 2007 overpayment of Federal income tax.  They argue that respondent's delay in applying the overpayment increased the amount of interest that accrued on their underlying tax liability.

The Commissioner's right to "set off" or to credit an overpayment of one tax year to another derives from section 6402(a), which permits him to set off any existing tax liabilities against any tax overpayments due the taxpayer.  Section 6402(a) provides:

In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f) refund any balance to such person.

Effectively, section 6402(a) provides that a party is entitled to a tax refund only of the overpayment amount that exceeds any outstanding tax liabilities. Campbell v. United States (In re Davis), 889 F.2d 658, 661 (5th Cir. 1989); Kabbaby v. Richardson, 520 F.2d 334 (5th Cir. 1975); United States v. Rochelle, 363 F.2d 225, 232-233 (5th Cir. 1966).

When a taxpayer makes a voluntary payment to the Commissioner, he or she has a right to direct the application of that payment to whatever type of liability he or she chooses. Wood v. United States, 808 F.2d 411, 416 (5th Cir. 1987); Muntwyler v. United States, 703 F.2d 1030, 1032 (7th Cir. 1983); O'Dell v. United States, 326 F.2d 451, 456 (10th Cir. 1964). Under the voluntary payment rule, when a taxpayer who has outstanding tax liabilities voluntarily makes a payment, the Commissioner usually will honor the taxpayer's request as to how to apply that payment. United States v. Ryan (In re Ryan), 64 F.3d 1516, 1522 (11th Cir. 1995).

The regulations promulgated under section 6402(a), however, demonstrate that the Commissioner does not apply the voluntary payment rule to overpayments.

The regulations do provide that a taxpayer can instruct the Commissioner to credit his or her overpayment against the estimated tax for the taxable year immediately succeeding the taxable year for which such overpayment was claimed. Sec. 301.6402-3(a)(5), Proced. & Admin. Regs. The regulations, however, mirror the statute and authorize the Commissioner to override that election and apply the overpayment against "any outstanding liability for any tax". Sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs.; see N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996) (quoting Ryan, 64 F.3d at 1523 ("'[Section 6402], plainly gives the IRS the discretion to apply overpayments to any tax liability.'")); Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994) (section 6402(a) "leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer"); Kalb v. United States, 505 F.2d 506, 509 (2d Cir. 1974) (rejecting the argument that because tax overpayment was voluntary, the Commissioner was bound to comply with the taxpayer's direction about how to apply that payment; section 6402(a) "clearly gives the IRS discretion to apply a refund to 'any liability' of the taxpayer").

Respondent applied petitioners' 2007 overpayment to their 2008 estimated tax. Petitioners argue that if respondent had followed their directions to apply the 2007 overpayment to their 2004 tax liability they would not owe as much interest.

Petitioners' right to designate payments does not extend to overpayments. See sec. 301.6402-3(a)(5), Proced. & Admin. Regs. Even if petitioners were allowed to direct the application of their 2007 overpayment to their 2004 tax liability, at the time they requested the application, April 5, 2008, their 2004 tax liability had not been assessed because the decision in docket No. 25888-07S was not yet final.[7] See secs. 6213(a), 7481(b).

At the time petitioners requested the application of their 2007 overpayment to their 2004 liability, respondent's only options were to issue them a refund or credit the overpayment to their 2008 estimated tax. See sec. 301.6402-3(a)(5), Proced. & Admin. Regs. Respondent's application of petitioners' 2007 overpayment to their 2008 estimated tax was, therefore, proper.[8]

---

[7]The Court notes that the decision in docket No. 25888-07S was final on November 19, 2008, 90 days after the decision was entered on August 21, 2008. See sec. 7481(b). Respondent assessed petitioners' 2004 tax liability on November 10, 2008. Petitioners did not begin a proceeding to enjoin the early assessment of their tax liability, and no collection actions were begun before the Court's decision became final.

[8]Respondent did apply petitioners' 2008 overpayment--which included their

(continued...)

Additionally, the mere passage of time does not establish error or delay in performing a ministerial act. See Cosgriff v. Commissioner, T.C. Memo. 2000-241 (citing Lee v. Commissioner, 113 T.C. 145, 150 (1999)). The fact that respondent did not earlier apply petitioners' 2007 overpayment to their 2004 tax liability does not suggest that he committed a ministerial or managerial error.

Petitioners have not proved that a ministerial or managerial error within the meaning of section 6404(e) occurred that would require the abatement of interest. Therefore, the SO did not abuse her discretion when she did not abate the interest that accrued after the decision was entered in docket No. 25888-07S.

II.   Petitioners' Liability for the Section 6651(a)(3) Addition to Tax and Section 6651(d) Increase

The addition to tax that petitioners are not in agreement with is a section 6651(a)(3) addition to tax and the increase of that addition to tax provided under section 6651(d).

A section 6651(a)(3) addition to tax will be imposed on a taxpayer who fails to pay any amount in respect of any tax required to be shown on an income tax return, which is not so shown, within 21 calendar days from the date of notice and

_____

[8](...continued)
2007 overpayment--to their 2004 tax liability after the 2004 tax liability was assessed.

demand therefor.  The section 6651(a)(3) addition to tax is not subject to deficiency procedures applicable to tax.  See Burke v. Commissioner, T.C. Memo. 2009-282.

The Commissioner cannot collect the failure-to-pay addition to tax until after notice and demand for payment.  Sec. 6651(a)(3).  Notice and demand for payment cannot be made until after assessment, sec. 6303, and an assessment of a tax deficiency cannot be made until the decision of the Tax Court is final, sec. 6213(a). Consequently, a section 6651(a)(3) addition to tax cannot be a part of a deficiency proceeding.

As pertinent here, the increase in the rate of accrual of the addition to tax is not applicable until the day 10 days after the date on which notice is given under section 6331(d).  Sec. 6651(d)(1).

Because petitioners have not otherwise had an opportunity to challenge the section 6651(a)(3) addition to tax, the Court will review this issue de novo.  See sec. 6330(c)(2)(B); see also Burke v. Commissioner, T.C. Memo. 2009-282.

A taxpayer may avoid an addition to tax by proving reasonable cause for the failure to pay the tax.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  A failure to pay will be considered due to reasonable cause to the extent a taxpayer can show he

or she exercised ordinary business care and prudence in paying his or her tax liability and was nevertheless unable to pay the tax. Id.

Petitioners' arguments for reasonable cause are the same as their arguments for abatement of interest--respondent's delay and erroneous advice.

As the Court discussed supra, petitioners have shown no delay by the IRS. Petitioners' overpayments were properly credited first to estimated tax for 2008 and then to their 2004 tax liability once it was assessed.

Petitioners allegedly received oral advice from an IRS employee concerning withholding extra tax to pay their tax liability. The only evidence of the oral advice they received from an IRS employee is petitioner husband's testimony. The Court does not have to accept petitioner husband's uncorroborated, self-serving testimony as the truth. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Additionally, the Court notes that petitioners' claim of reliance on advice given to them by the IRS is undermined to the extent that the advice was oral. See Henry v. United States, 870 F.2d 634, 637 (Fed. Cir. 1989) (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 467 U.S. 51, 65 (1984), Schweiker v. Hansen, 450 U.S. 785, 788 (1981), and City of Alexandria v. United States, 737 F.2d 1022, 1027-1028 (Fed. Cir. 1984)).

Petitioners provided no credible evidence to prove that they had reasonable cause such that they should not be liable for the section 6651(a)(3) addition to tax or that the section 6651(d) increase in rate should not apply. Therefore, petitioners are liable for the addition to tax and the increased rate.

III.  Whether the SO Abused Her Discretion When She Sustained the Proposed Levy Action

A taxpayer is expected to provide all relevant information requested by Appeals for its consideration of the facts and issues involved in the hearing, including financial statements.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

Petitioners did not propose any collection alternatives at the CDP hearing. They also failed to provide the SO with any of the documents she requested, including financial statements.  The Court finds that the SO did not abuse her discretion when she sustained the proposed levy action.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.